IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION    2009 OCT -7 PM 3:05

OWEN ODDMAN,
a/k/a Charles Llewlyn,

    Petitioner,

vs.                        CIVIL ACTION NO.: CV209-048

DEBORAH HICKEY, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Owen Oddman ("Oddman"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent has filed a Motion to Dismiss, and Oddman has filed a Response-Traverse. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE FACTS

Oddman (or "Odman") was convicted in the Western District of North Carolina of conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. Oddman was sentenced to 360 months' imprisonment. Oddman filed a direct appeal, and the Fourth Circuit Court of Appeals affirmed his conviction and sentence. United States v. Odman, 47 F. App'x 221 (4th Cir. 2002). Oddman filed a motion to vacate, correct, or set aside his conviction pursuant to 28 U.S.C. § 2255, which the District Court for the Western District of North

Carolina denied. The Fourth Circuit denied Oddman's application for certificate of appealability. (Doc. No. 5, p. 2).

Oddman, a Jamaican citizen, contends that authorities in the Western District of North Carolina violated Article 36 of the Vienna Convention on Consular Relations ("VCCR") by failing to advise him of his rights under the VCCR and because Oddman "requested the assistance of his home consulate in open court and the United States fail [sic] to make said request known without delay." (Doc. No. 4, p. 2). As a result, Oddman contends, his trial "was rife with prejudicial and injurious acts." (Id. at 1).

Respondent asserts that Oddman is attacking the validity of his conviction, not the execution of his sentence, and thus, Oddman must bring his claims pursuant to section 2255. Respondent also asserts that Oddman does not meet the requirements of that section's savings clause. Respondent contends that Oddman is barred from filing a § 2255 motion because he lacks the requisite certificate of appealability and because the one year statute of limitations period has expired.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Oddman has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Oddman asserts that 28 U.S.C. § 2241(c)(3) provides the exclusive remedy for the relief he seeks because the United States failed to abide by its obligations under the VCCR and the Constitution. Oddman also asserts that the remedy afforded by section 2255 is inadequate or ineffective because that statute provides relief for federal prisoners whose sentences are imposed in violation of the Constitution or laws of the United States. (Doc. No. 4, p. 2).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed

consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Oddman fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because the Western District of North Carolina denied Oddman's claims does not mean that section 2255's remedy is inadequate or ineffective. Oddman has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

The undersigned recognizes Oddman's assertion that his rights under Article 36 of the VCCR were violated. However, Oddman's claims supporting that assertion are that: 1) his conviction was obtained by a biased and tainted jury; 2) the trial court violated his Sixth Amendment right to counsel by forcing him to proceed *pro se* or to

AO 72A
(Rev. 8/82)

proceed with counsel who admitted he was not prepared to go to trial; and 3) the prosecution failed to disclose exculpatory and impeachment evidence and to correct perjured testimony. It is clear that Oddman is asserting that his constitutional rights were violated and that his conviction cannot stand because of these alleged violations. However, even if the Court were to determine Oddman's VCCR claim had merit, he would not be entitled to his requested relief. Noriega v. Pastrana, 564 F.3d 1290, 1296 (11th Cir. 2009) (citing Breard v. Greene, 523 U.S. 371 (1998), for the proposition that claims for relief based on violations of the VCCR are subject to the Anti-Terrorism and Effective Death Penalty Act).

Oddman cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Oddman is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

It is unnecessary to address the remaining grounds of dismissal Respondent has set forth.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Oddman's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 7th day of October, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE