# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| OWEN ODDMAN A/K/A Charles M. Llewlyn, | * <br> * <br> * |
| Petitioner, | *    CIVIL ACTION NO.: 2:09-cv-48 |
| v. | * <br> * |
| WARDEN DEBORAH HICKEY,[1] | * <br> * |
| Respondent. | * |

## ORDER

Presently before the Court are Petitioner Owen Oddman's ("Oddman") Motion for Relief From Judgment Pursuant to Rule 60(b) and his Motion to Hold his Rule 60(b) Motion in Abeyance. Dkt. Nos. 32, 35. Respondent filed a Response in Opposition to Oddman's Rule 60(b) Motion. Dkt. No. 33. For the reasons which follow, the Court **DENIES** Oddman's Rule 60(b) Motion and **DISMISSES as moot** his Motion to Hold his Rule 60(b) Motion in Abeyance.

---

[1] J.V. Flournoy is the current Warden at the Federal Correctional Institution in Jesup, Georgia. However, it appears Oddman is no longer housed at the Jesup facility; thus, the Court will not direct the Clerk of Court to substitute the Respondent's name.

## BACKGROUND

Oddman (or "Odman") was convicted in the Western District of North Carolina of conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. He was sentenced to 360 months' imprisonment. The Fourth Circuit Court of Appeals affirmed his sentence and conviction. United States v. Odman, 47 F. App'x 221 (4th Cir. 2002). Oddman then filed a motion to vacate, set aside, or correct his conviction pursuant to 28 U.S.C. § 2255, which the Western District of North Carolina denied. The Fourth Circuit then denied Oddman's application for certificate of appealability. Dkt. No. 5, p. 2.

Oddman filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in this Court. In his Petition, Oddman asserted authorities in the Western District of North Carolina violated Article 36 of the Vienna Convention on Consular Relations ("VCCR") by failing to advise him of his rights under the VCCR and because he "requested the assistance of his home consulate in open court and the United States fail [sic] to make said request known without delay." Dkt. No. 4, p. 2. Oddman contended his trial "was rife with prejudicial and injurious acts." Id. at p. 1. The United States Magistrate Judge issued a Report wherein he recommended Respondent's Motion to Dismiss be granted because Oddman failed to satisfy the "savings clause"

2

of 28 U.S.C. § 2255, as set forth in <u>Wofford v. Scott</u>, 177 F.3d 1236 (11th Cir. 1999). Dkt. No. 8. The Court adopted this recommendation as the opinion of the Court, over Oddman's Objections, by Order dated March 3, 2010. Dkt. No. 11. The Eleventh Circuit Court of Appeals dismissed Oddman's appeal for want of prosecution. Dkt. No. 25.

On April 29, 2011, Oddman filed a Motion to Reopen Case. Dkt. No. 27. The Court denied his Motion on July 8, 2011. Dkt. No. 30. Still undeterred, Oddman has now filed his present Motion for Relief From Judgment Pursuant to Rule 60(b).

## DISCUSSION

In his Motion, Oddman contends he is attacking a defect in his federal habeas proceedings. To wit, Plaintiff avers that this Court's previous denial of his Section 2241 Petition is and was erroneous. Dkt. No. 32, pp. 4-5. Oddman alleges that treaty-based claims are cognizable under Section 2241 and 28 U.S.C. § 2254, not 28 U.S.C. § 2255. Thus, Oddman contends he can bring this Rule 60(b)(6) Motion.

Respondent asserts the saving clause test announced in <u>McCarthan v. Director of Goodwill Industries-Suncoast, Inc.</u>, 851 F.3d 1076 (11th Cir. 2017), does not provide any basis for relief under Section 2241 because treaty-based claims are cognizable pursuant to Section 2255. Dkt. No. 33, pp. 3-4. In response, Oddman states Respondent failed to acknowledge that

3

McCarthan identified as an example of when the remedy afforded by Section 2255 is inadequate or ineffective is when a person is sentenced by multiple courts. Dkt. No. 34, p. 1.

Rule 60(b) provides that a Court may relieve a party from judgment, order, or proceeding in a limited number of circumstances including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or (5) the judgment has been satisfied. Fed. R. Civ. P. 60(b)(1)-(5). Additionally, the catchall provision of Rule 60(b) authorizes relief from a judgment, order, or proceeding based on "any other reason that justifies relief" raised "within a reasonable time . . . after the entry of the judgment or order." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)(citation omitted); see also Arthur v. Thomas. 739 F.3d 611, 628 (11th Cir. 2014).

Oddman filed his Motion on April 20, 2017, which is nearly six (6) years after the Court denied his previous Rule 60(b) Motion and more than seven (7) years after the Court dismissed Oddman's Section 2241 Petition and entered final judgment. Dkt. Nos. 11, 12, 30, 32. Oddman has not filed the instant Motion "within a reasonable time" after the Court's entry of dismissal. Even if he had, however, Oddman fails to show any extraordinary

4

circumstances that reveal he is entitled to the "extraordinary remedy" Rule 60(b)(6) provides.

Section 2241 habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement." Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective". Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing that the remedy under Section 2255 was inadequate or ineffective to test the legality of his detention). A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence. Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and

5

distinct remedy from habeas corpus proper. . . . A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

> Section 2255(e) provides:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.**

28 U.S. C. § 2255(e) (emphasis added). The above-emphasized portion of Section 2255(e) is referred to as the "saving clause." "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan, 851 F.3d at 1081.

To determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the

6

prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086-87. In short, when reviewing a Section 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under Section 2255. If so, the petitioner cannot meet the "saving clause" and cannot proceed under Section 2241. To be sure, "[t]he remedy [afforded] by [a Section 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088. Whether the petitioner could obtain relief under Section 2255 is not relevant to the McCarthan test. Rather, it is the "remedy" that must be "inadequate or ineffective" to trigger the saving clause, meaning "the available process—not substantive relief." Id. at 1086.

Oddman's Motion does not present circumstances entitling him to relief under McCarthan. A federal prisoner may file a Section 2255 motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2241 provides that the

7

writ of habeas corpus extends to a prisoner who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This language is mirrored in 28 U.S.C. § 2254(a), which provides for habeas relief for state prisoners. 28 U.S.C. § 2254(a); <u>Ramos v. Warden, FCI Jesup</u>, 502 F. App'x 902, 903 (11th Cir. 2012).

"Any challenge to the execution of a sentence, rather than the validity of the sentence itself, should be brought under § 2241, not § 2255." <u>Antonelli</u>, 542 F.3d at 1352. "Although the language of § 2255 does not provide for challenges based on alleged treaty violations, the [United States] Supreme Court has held that there can be no doubt that the grounds for relief under § 2255 are equivalent to those encompassed by § 2254, the general federal habeas corpus statute, which provides for relief when a person is in custody in violation of, *inter alia*, the treaties of the United States." <u>Ramos</u>, 502 F. App'x at 903 (citing <u>Davis v. United States</u>, 417 U.S. 333, 344 (1974)). The "grounds for relief for non-constitutional violations under § 2254, which include[ ] treaty violations, are equivalent to those encompassed by § 2255." <u>Id.</u> (citing <u>Adams v. Lankford</u>, 788 F.2d 1493, 1495 n.4 (11th Cir. 1986)).

Here, Oddman's Petition, though brought pursuant to Section 2241, presents a challenge to his conviction and sentence. Thus, Oddman seeks relief under Section 2255. <u>Id.</u> Though the

8

Eleventh Circuit has "recognize[d] that the language of § 2255 does not provide expressly for challenges to convictions and sentences based on alleged treaty violations[,]. . . the Supreme Court has concluded that the grounds for relief under § 2255 mirror those available under § 2254, which permits challenges based on treaty violations." Id. at 904 (citing Davis, 417 U.S. at 344). Accordingly, Oddman could have brought his claims pursuant to Section 2255, and he failed to do so. His latest attempt to obtain his requested relief via his Rule 60(b) Motion fails.[2]

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Oddman's Rule 60(b) Motion. In addition, the Court **DISMISSES as moot** Oddman's Motion to Hold in Abeyance his Rule 60(b) Motion. The Court's Orders dated March 3, 2010, and July 8, 2011, shall remain the Orders of the Court. This case shall remain closed.

**SO ORDERED**, this ___27___ day of ___July___, 2017.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Oddman mentions that his case presents a situation where he was sentenced by more than one court, and thus, he may proceed pursuant to Section 2241, as set forth in McCarthan. However, the Court is unaware of Oddman being sentenced by more than one court. Additionally, the Court does not read McCarthan to provide that a petitioner automatically meets the "limited circumstances" allowing for relief under Section 2241 even when he has received sentences by more than one court. 851 F.3d at 1092-93.